OPINION OF THE COURT
Abraham Isseks, J.
This petition asks for a judgment declaring that the Palisades Interstate Park Commission has acted illegally and unlawfully in agreeing with Marriott Corporation to surrender, modify, alter and exchange its conservation easement around Lake Minnewaska.
The petitioners’ first claim is that the actions of Palisades Interstate Park Commission is a violation of section 3 of article 4 of the interstate compact which established the Palisades Interstate Park Commission (L 1937, ch 170). Section 3 of article 4 applies only to lands that the title to which was transferred to the commission at the time the compact was enacted or which.thereafter was owned by the commission. It is undisputed that the lands referred to in this proceeding are not owned by the commission. The term “owned by” denotes an absolute and unqualified title. (Baltimore Dry Docks & Ship Bldg. Co. v *53 New York & P.R.S.S. Co., 262 F 485.) This claim is dismissed in that section 3 of article 4 of the interstate compact does not apply in the case since the Palisades Interstate Park Commission does not own the lands in question but only has a lesser interest in the land, that being an easement.
The petitioners’ second claim states that the Palisades Interstate Park Commission has violated the Environmental Conservation Law by failing to prepare an environmental impact statement in this matter. When multiple regulatory agencies are involved with a proposed project, a “lead agency” must be designated. In this case, the Department of Environmental Conservation served as the lead agency and prepared an environmental impact statement. Under the Environmental Conservation Law only one such statement is necessary and that is prepared by the lead agency. The Palisades Interstate Park Commission, as an involved agency, discharged its requirements under the Environmental Conservation Law by considering the environmental impact statement which was prepared and by making substantive findings and preparing a written statement which shows the parts of the environmental impact statement which it relied upon in reaching its decision. The Palisades Interstate Park Commission has accomplished the above. The claim is dismissed in that the Environmental Conservation Law has not been violated.
The petitioners’ third claim is that the commission acted illegally in approving the proposed easement amendment in violation of title 16 of the United States Code which requires that an environmental impact statement be prepared. In the opinion of the United State Department of Interior, this matter does not require a Federal environmental impact statement and does not fall under title 16 of the United States Code. This court agrees with that opinion. This claim is dismissed in that title 16 of the United States Code has not been violated.
The petitioners’ fourth claim states that the amended easement herein violates section 123-b of the State Finance Law since it would involve an unlawful disbursement of public funds. While the original easement transaction in 1977 involved the expenditure of both State and *54 Federal funds, this proposed amendment will involve no disbursement of Palisades Interstate Park Commission funds. This claim is dismissed in that the State Finance Law has not been violated.
Submit order and judgment.